**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25110-BLOOM**

ADONAI ALVAREZ GUERRERO,

Plaintiff,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants.
_____________________________/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon Defendant Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, Joseph B. Edlow, Director of the U.S. Citizenship and Immigration Services ("USCIS"), and Field Office Director, Director of USCIS Miami Field Office (collectively, "Defendants") Motion to Dismiss, ECF No. [7] ("Motion"), filed on November 2, 2026. Plaintiff Adonai Alvarez Guerrero ("Plaintiff") did not file a response.[1] The Court has considered the Motion, the record in the case, and is fully advised. For the reasons set forth below, the Motion is granted.

On July 28, 2026, Plaintiff filed a Complaint for Mandamus, ADA Judicial Review, and Declaratory Relief, ECF No. [1] ("Complaint"). Plaintiff requested that the Court compel USCIS to adjudicate his Form I-485 within a reasonable period of time set by the Court. *Id*. at 15. Plaintiff asserts that "USCIS has jurisdiction to adjudicate Form I-485 applications unless the applicant is in removal proceedings before the Executive Office for Immigration Review and is not classified

---

[1] Defendants' Motion was filed on November 2, 2026, requiring a response no later than November 16, 2026. Pursuant to Local Rule 7.1(c)(1), Plaintiff's failure to respond to Defendants' Motion is "sufficient cause for granting the motion by default."

as an arriving alien." *Id.* ¶ 18 (citing 8 C.F.R. § 1245.2(a)(1)(i)-(ii)).

In the Motion, Defendants argue that "[b]ecause USCIS has already adjudicated Plaintiff's I-485 to the extent permissible under binding federal regulations, Plaintiff's request that the court compel USCIS to adjudicate the I-485 is moot." ECF No. [7] at 7. Defendants point out that "on September 29, 2026, USCIS issued a Notice to Plaintiff advising of its decision to administratively close processing of his I-485." *Id.* at 6 (citing ECF No. [7-2]). The Notice of Administrative Closure provides that because Plaintiff "is in a removal proceeding" and is "not an arriving alien[,] . . . USCIS does not have jurisdiction" to grant or deny Plaintiff's Form I-485. ECF No. [7-2] at 1-2.

Here, because USCIS admiratively closed and dismissed Plaintiff's Form I-485 after it determined that it was without jurisdiction to consider his request, Plaintiff has no claim on which this Court can compel USCIS to act and his request that the Court compel USCIS to adjudicate his Form I-485 is moot. *See Akinmulero v. Holder*, 347 F. App'x 58, 60 (5th Cir. 2009) ("USCIS administratively closed Akinmulero's I–485 application in 2007 after it determined that it was without jurisdiction to consider his request. Akinmulero failed to show that there was any claim remaining in his application on which the district court could compel action. Thus, the district court properly found his application for writ of mandamus moot.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss, **ECF No. [7]**, is **GRANTED**.
2. Plaintiff's Complaint for Mandamus, ADA Judicial Review, and Declaratory Relief, **ECF No. [1]**, is **DISMISSED** without prejudice.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record